**Fabian VAKSMAN, Plaintiff,**

v.

**UNIVERSITY OF HOUSTON,
Defendant.**

Misc. No. H–88–379.

United States District Court,
S.D. Texas,
Houston Division.

March 19, 1990.

Fabian Vaksman, pro se.

---

## OPINION ON REMAND

HUGHES, District Judge.

### 1. *Background.*

On filing his complaint, Fabian Vaksman applied to the district court for leave to proceed as a pauper. His application consisted of his answers to questions on the front and back of a one-page financial questionnaire. Judge Gabrielle McDonald denied Vaksman's application. He moved for reconsideration, attaching several pages of food-stamp material. The case was assigned to me, and I denied the reconsideration in a one-line order.

He appealed the denial; this required the district court to determine whether Vaksman was a pauper for purposes of the appeal. He filed a second financial form, and I signed the right-hand blank, allowing him to proceed without paying fees. Even with this lack of internal consistency, there was nothing remarkable about the progress of Vaksman's case.

After studying the record, the court of appeals remanded the case for the district court to make findings to explain the original denial of pauper's status to Vaksman. The record on appeal was two pages of a government financial form. To be generous, the motion for reconsideration was two pages, with three pages of addenda, so at the worst, there were eight pages of record, counting my seven-word order denying reconsideration as a page.

The application is a government form that asks for financial information through around ten questions about assets and employment. On the lefthand corner of the back of the page is a place for the judge to sign if the application is denied. The other corner is a place for the judge to grant it. Neither blank offers reasons. Form DC 12 (Rev 8/82). In the last statistical year, the Houston Division of the Southern District of Texas had 139 paupers' applications, excluding all applications by prisoners.

### 2. *Remands for Paperwork.*

If this remand for additional paperwork were an odd instance of requiring findings, it would not justify anything more than a quiet accommodation, but this type of appellate activity has become virulent, and the grievance expressed here is institutional, not personal to the panel.

Although the record in this case is two pages, the responsibilities on appeal do not change if the record is 3,000 pages. It is the office of the trial judge to make a record and a decision. It is the office of the appellate judge to review the record and to rule, affirming the trial judge if the decision is supported by the record. When the discipline of articulation is essential to the law's process, the rules require it. With a few exceptions, those rules do not require the trial court to make findings and conclusions.

> Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except [granting a motion for an instructed verdict].

Fed.R.Civ.Pro. 52(a) (last sentence).

As frequently expressed, this assistance with the record is to facilitate appellate review. To contradict the plain words of the rule is bad, but to do it to ease one's own work is worse. The parties have their counsel to fashion the issues so that they are digestible on appeal. An extra brief from the trial court is little help and, indeed, little weighed.

A jurisprudence of recitation, even in the negative, is developing, and it serves neither the parties, counsel, courts of whatever level, nor justice. In its holdings on sanctions, for instance, the court of appeals requires that a punitive dismissal be accompanied by an express finding that a lesser sanction would not have sufficed. In English and logic, a holding that $X$ is the appropriate sanction implies clearly that anything more or less than $X$ would have been inappropriate. In holdings on preliminary injunctions, every argument in opposition has been required to be addressed expressly, expanding the rule's language, ignoring the rule's purpose, and forgetting the time constraints implicit in preliminary injunctions. Rule 65(d). All of this is a self-indulgent triumph of technique over purpose.

Since our real purpose is joint with appellate judges, trial judges should learn what they do that unnecessarily complicates the later proceedings, but, in the medical metaphor, it is counterproductive to require the surgeon to perform his every operation in a more complicated, time-consuming way for the sole benefit of the pathologist's occasional post-mortem convenience.

### 3. *Finding.*

Here is the finding ordered on remand: Vaksman's bank account of $1,200 on the 13th of June, 1988, and over $4,800 of earnings in the first half of 1988 were sufficient to allow him to pay the filing fee. These evidentiary details are taken verbatim from the two-page record. The operative fact of sufficiency is implicit in the decision of denial and, in any event, is a judgment for which no objective reference is possible.

### 4. *Conclusion.*

Courts of appeals should expect, and even hope, that the trial judges from whom an appeal lies constitute "a Court unwilling to be simply a reference librarian to its Superior Court." B. Ward, *Tribute to Clement F. Haynesworth, Jr.,* 665 F.2d LXXXVI (1981). To demand unrequired paperwork of trial judges is a bureaucratic shuffle, unworthy of reasoned law and learned judges. To require useless paperwork is plain unworthy. There is no footnote for truth, no transcript reference for reason, and no citation for justice.